DANIEL S. GLASS (Cal SB#140819)
Attorney at Law
641 Fulton Avenue, Suite 200
Sacramento, CA  95825
Tel:  (916) 483-1971
Fax: (916) 483-1371
E-mail: dsglawyer@sbcglobal.net

Attorneys for Plaintiff
Karen Reaves

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| KAREN REAVES,<br><br>        Plaintiff,<br><br>vs.<br><br>NATIONAL LIFE INSURANCE COMPANY,<br><br>        Defendant.<br>_____/ | No.<br><br>**C O M P L A I N T**<br><br>1.  Breach of Contract<br><br>2.  Breach of the Duty of Good Faith and Fair Dealing<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges, as follows:

**JURISDICTION AND VENUE**

1.      Plaintiff KAREN REAVES ("REAVES" or "plaintiff") was, and is at all times mentioned herein, a resident of the County of El Dorado, State of California.

2.      At all relevant times, defendant NATIONAL LIFE INSURANCE COMPANY ("NATIONAL" or "defendant") was and is a resident and citizen of the State of Vermont with its principal places of business being Columbia, South Carolina and/or Portland, Maine. Plaintiff alleges that NATIONAL is authorized, pursuant to approval of the California Department of Insurance, to transact insurance business in the State of California. At all relevant times herein, NATIONAL was, and is, transacting business within this judicial district, including within the County of El Dorado, State of California.

\\\

3. Jurisdiction of this court is invoked pursuant to 28 U.S.C. Section 1332(a)(1) as plaintiff and defendant are citizens of different States. The amount in controversy exceeds $75,000 by virtue of contract and extra-contractual damages alleged herein, exclusive of costs and interest.

4. Venue is proper in this judicial district under 28 U.S.C. §1391(a)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district where plaintiff resides and where plaintiff sustained her damages inflicted as a direct result of the wrongful acts by defendant as alleged herein.

## GENERAL ALLEGATIONS

5. REAVES was insured under a NATIONAL individual long-term disability insurance policy ("policy"), No. 2157349, originally issued to REAVES in, or about, 1990. REAVES purchased said Policy in her individual capacity. To the best of plaintiff's knowledge and belief, a true and correct copy of plaintiff's policy is attached hereto as Exhibit A.

6. REAVES purchased the subject NATIONAL policy while she resided in Corona, California but continued to pay premiums and renew said policy when she resided in this judicial district and for approximately the following thirty years, through and including the date this action was filed.

7. The insurance policy purchased by REAVES from defendant NATIONAL provides for the payment of long-term disability insurance benefits to REAVES to commence ninety days after onset of REAVES disability and continuing through, and including, when REAVES reaches the age of 65 years.

8. The NATIONAL policy promises that in exchange for premium payments, at the time of REAVES disability, in January, 2020, NATIONAL would pay REAVES a monthly benefit of $4,259 for as long as she was unable to perform the material and substantial duties of her own occupation as a dental hygienist.

9. It is beyond dispute that REAVES became unable to perform her "own occupation" as of January 15, 2020 when she fell and sustained a closed fracture of the neck of her right femur, as well as other injuries. Pursuant to the NATIONAL policy issued to

REAVES, NATIONAL ultimately approved REAVES claim for long term disability benefits and began paying benefits to REAVES after the 90 day waiting period and paid benefits through November 25, 2020.

10. The NATIONAL policy, including the specific Own Occupation Rider I, promises, inter alia, that during all times of disability REAVES is entitled to receive monthly benefits if she cannot perform the substantial and material acts of her specialized occupation.

11. At all times since January 15, 2020, and through the present, REAVES has been unable to engage, with reasonable continuity, or to perform satisfactorily, her own specialized occupation of dental hygienist.

12. All premiums due under the policy were paid to defendant at all relevant times and REAVES has performed all obligations under the policy on her part to be performed.

13. At all relevant times prior to disability, REAVES was employed on a full-time basis as a dental hygienist.

14. REAVES was continuously and actively employed as a dental hygienist in private practice from, approximately 2005 through January, 2020. As of January, 2020, she became unable to work and presented her claim for long term disability benefits to NATIONAL

15. REAVES' long term disability benefits from NATIONAL began as of April, 2020 (after the appropriate 90 day Elimination Period). At that point NATIONAL had correctly determined that REAVES was "disabled" as that term was defined in NATIONAL's policy of insurance.

16. As of June 16, 2021, NATIONAL determined that REAVES was no longer disabled and denied any further claim for benefits. REAVES then provided a written appeal and additional medical support to document her disability. Despite having significant evidence and proof that REAVES was not capable of performing the material and substantial duties of her own occupation as a dental hygienist, NATIONAL terminated REAVES' long term disability benefits. At the time NATIONAL elected to terminate REAVES' benefits, it had no valid evidence to support its contention that REAVES was no longer disabled under NATIONAL's policy. At the time, NATIONAL had substantial evidence in its possession that REAVES could

not return to work in her own occupation and that REAVES, in fact, had not returned to work I her own occupation of dental hygienist.

22. In accordance with the terms of NATIONAL policy, plaintiff has submitted a letter appeal of the denial of her claim. Said letter appeal was denied by letter dated August 9, 2021.

23. REAVES is informed and believes, and on that basis asserts, that she cannot work at her usual occupation due to continuing pain and other medical conditions.. She is unable to sit, stand or walk for any significant period of time and experiences pain while attempting to perform the responsibilities of a dental hygienist.

## FIRST CAUSE OF ACTION

**(Breach of Contract)**

24. Plaintiff refers to Paragraphs 1 through 23, and incorporates those paragraphs as though set forth in full in this cause of action.

25. REAVES was insured under the NATIONAL policy attached hereto as Exhibit A, which at all relevant times was in full force and effect. The terms and conditions of the policy provided that the plaintiff would be covered for disability due to sickness or injury when she became unable to perform the material and substantial duties of her "specialized occupation" pursuant to the Own Occupation Rider 1, and that said disability benefits would continue until plaintiff reached the age of 65 as long as she could not perform the material duties of her specialized occupation, to wit, dental hygienist.

26. Plaintiff has performed all the conditions on her part to be performed, including all conditions related directly to proof of disability and payment of premiums either directly or indirectly through her employer.

27. In 2020, after REAVES became unable to work at her usual occupation, plaintiff submitted a claim for long-term disability benefits to defendant, and defendant had a duty under the terms of the policy to pay plaintiff those benefits.

28. Thereafter NATIONAL paid REAVES the benefits she was rightfully entitled to receive from April, 2020 through June, 2021 when her benefits were terminated via letter dated June 16, 2021.

29.     Defendant breached the contract with plaintiff by refusing and failing to pay plaintiff's claim for continuing disability benefits based upon her total disability and inability to perform, with reasonable continuity, the duties of her own, specialized occupation since June, 2021, and continuing.

30.     As a direct and legal result of defendant's breach of the subject insurance contract, plaintiff has suffered, and will continue to suffer in the future, contractual damages in the form of unpaid disability insurance benefits, and other incidental damages and out-of-pocket expenses, all in a sum to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF

### (Breach of Duty of Good Faith and Fair Dealing)

31.     REAVES refers to Paragraphs 1-30 above and incorporates those paragraphs as though set forth in full in this Claim for Relief.

32.     The NATIONAL policy which is the subject of this action is subject to an implied covenant of good faith and fair dealing that is incorporated into the policy by operation of law under California law, and which imposes upon NATIONAL a duty to act fairly and reasonably at all times in its dealings with its insured. Breach of said duty gives rise to a tort remedy, which includes as elements of damages emotional distress, expenses, attorney fees and punitive damages.

33.     NATIONAL breached the duty of good faith and fair dealing owed to REAVES in the following respects:

(a)     Unreasonable and bad faith refusal to pay disability benefits to plaintiff at a time when defendant knew plaintiff was entitled to said benefits under the terms of the policy;

(b)     Withholding payments from plaintiff in bad faith, knowing plaintiff's claim for benefits under the policy to be valid;

(c)     Intentionally refusing to pay plaintiff disability benefits pursuant to plaintiff's claim, and defendant's insurance policy at a time when defendant had insufficient information within its possession to justify said action and in fact, had information within their possession directly opposing said action;

(d) Not attempting in good faith to reasonably investigate, evaluate and to effectuate a prompt, fair and equitable settlement of plaintiff's claim for disability benefits in which liability had become reasonably clear;

(e) Failing to provide a reasonable explanation of the basis relied upon in the policy, in relation to the applicable facts and law, for the denial of plaintiff's claim for disability benefit;

(f) Specifically retaining biased and prejudiced physicians to review plaintiff's medical records and medical history so as to permit NATIONAL to receive reports from physicians and others which purported to support defendant's otherwise unreasonable position regarding the extent of plaintiff's true inability to return to work at her specialized occupation.

(g) Adopting a business practice of ignoring applicable California common law, statutes and regulations on the issues of "total disability"and related insurance terms and claims practices, including but not limited to resolving ambiguities and doubts against claimants and not giving proper weight to medical opinions and reports of plaintiff's treating doctors;

(h) Concentrating on and emphasizing information, out of context, to deny claims without seeking out and/or giving weight to information that would support a claim;

(I) Misrepresenting the substance of relevant medical evidence in denying the claim.

34. Plaintiff is informed and believes and thereon alleges that defendant may have breached the duty of good faith and fair dealing owed to plaintiff by other acts or omissions of which plaintiff is presently unaware. Plaintiff will seek leave of court to amend this complaint at such time as plaintiff discovers other acts or omissions of said defendant constituting such a breach.

35. As a legal result of the aforementioned wrongful conduct of defendant, plaintiff has suffered, and will continue to suffer in the future, damages under the policy, plus interest, and other economic and consequential damages, for a total amount to be shown at the time of trial.

\\\

36. As a further legal result of the aforementioned wrongful conduct of defendant, plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses, all to plaintiff's general damage in a sum to be determined at the time of trial.

37. As a further and legal result of the unreasonable and bad faith conduct of defendant, plaintiff was compelled to retain legal counsel to obtain benefits due under the policy. Therefore, defendant is liable to plaintiff for attorney fees and expenses reasonably necessary and incurred to obtain the policy benefits in a sum to be determined at the time of trial.

38. Defendant's conduct described herein was intended by defendant to cause injury to the plaintiff or was despicable conduct carried on by the defendant with a willful and conscious disregard of the rights of plaintiff, subjected plaintiff to cruel and unjust hardship in conscious disregard of plaintiff's rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention to deprive plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code §3294, thereby entitling plaintiff to punitive and exemplary damages in an amount appropriate to punish or set an example of defendants.

**PRAYER**

WHEREFORE, plaintiff REAVES prays for judgment against defendant NATIONAL as follows:

1. Damages to date of judgment for failure to provide benefits under the policy, plus interest, including prejudgment interest, and other economic and consequential damages, in a sum to be determined at the time of trial;

2. Past and future general damages for mental and emotional distress and other incidental damages in a sum to be determined at the time of trial;

3. Punitive and exemplary damages in an amount appropriate to punish or set an example of defendants;

4. Attorneys' fees and expenses reasonably incurred by plaintiff to obtain the policy benefits and as otherwise allowed by law in a sum to be determined at the time of trial;

5. Pre-judgment interest at the appropriate legal rate;

6. Future special and general damages for breach of the implied covenant of good faith and fair dealing, including but not limited to the reasonable present value of all future potential disability benefits;

7. For costs of suit incurred herein; and

8. For such other and further relief as the Court deems just and proper.

Dated: February 2, 2022                    DANIEL S. GLASS, ESQ.


                                           By: /s/ Daniel S. Glass
                                               Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues herein.

Dated: February 2, 2022                    DANIEL S. GLASS, ESQ.


                                           By: /s/ Daniel S. Glass
                                               Attorney for Plaintiff

Complaint                                  8