UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN REAVES, | No. 2:22-cv-0219 TLN DB |
| Plaintiff, | |
| v. | ORDER |
| NATIONAL LIFE INSURANCE COMPANY, | |
| Defendant. | |

      On March 31, 2023, this matter came before the undersigned pursuant to Local Rule 302(c)(1) for hearing of plaintiff's motion to compel and defendant's motion for a protective order. (ECF Nos. 18 & 19.) Attorney Daniel Glass appeared via Zoom on behalf of plaintiff. Attorney Daniel Maguire appeared via Zoom on behalf of defendant.

      As stated in the parties' Joint Statement, the parties' dispute concerns whether defendant's witnesses should be deposed in person, as plaintiff contends, or remotely, as defendant contends. (ECF No. 21 at 2.) "Depositions are generally available as a matter of right; i.e., without leave of court—at any time after an action is commenced." RUTTER GROUP PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL Ch. 11(IV)-A. However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "Rule 26(c), setting forth grounds for protective orders, was

enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." U.S. v. Columbia Broadcasting System, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Here, as explained at the March 31, 2023 hearing, defendant has not satisfied the specific prejudice or harm requirement. In this regard, at the March 31, 2023 hearing, defendant argued that because the medical community cannot predict the impact of contracting COVID on an individual, the Court should consider the individuals' health history, community COVID levels, and the comfort of the witness in deciding whether to compel an in person deposition.

While the undersigned takes COVID-19 very seriously, adopting defendant's argument would essentially permit remote depositions at the will of the witness. Moreover, the declarations offered in support of defendant's argument by the witnesses simply reflect generalized health concerns, that the witnesses work remotely, and that most of the witnesses "strongly prefer not to appear personally."[1] (ECF No. 21-5 at 2.) Defendant simply has not met the applicable burden.

Accordingly, for the reasons stated above and at the March 31, 2023 hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's March 2, 2023 motion to compel (ECF No. 18) is granted; and

2. Defendant's March 3, 2023 motion for a protective order (ECF No. 19) is denied.

Dated:  April 3, 2023

DLB:6
DB\orders\orders.civil\reaves0219.mtc.ord

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

---

[1] One of the witnesses, however, states they are "willing to appear at the deposition personally." (ECF No. 21-4 at 2.) Another refers vaguely to "compromised pulmonary function." (ECF No. 21-5 at 2.) That witness, however, "contracted COVID-19 in the Fall of 2022," and stated simply that they became "quite ill." (ECF No. 21-5 at 2.) While the undersigned is sympathetic, the vague nature of the declaration does not satisfy the specific prejudice or harm requirement.