Daniel W. Maguire (SBN 120002)
E-mail: dmaguire@bwslaw.com
Kyle Anne Piasecki (SBN 311961)
E-mail: kpiasecki@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendant
National Life Insurance Company

Daniel S. Glass (SBN 140819)
Attorney at Law
641 Fulton Ave., Suite 200
Sacramento, CA 95825
(916) 483-1971
dsglawyer@sbcglobal.net

Attorney for Plaintiff
Karen Reaves

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| KAREN REAVES,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:22-cv-00219-TLN-DB<br><br>**STIPULATION IN SUPPORT OF SECOND REQUEST TO RESET AND EXTEND PRETRIAL ORDER DEADLINES AND ORDER THEREON** |

Plaintiff Karen Reaves, ("Plaintiff") and Defendant National Life Insurance Company ("Defendant") (collectively referred to herein as "the Parties") hereby stipulate to, and request the Court grant, a second 180-day extension for the date for the close of discovery and to continue the remaining dates, calculated to comply with the Initial Pretrial Scheduling Order.

///

A. **RECITALS**

1. This action was filed on February 2, 2022. Defendant National was served and the Parties agreed that a responsive pleading would be filed by April 15, 2022. Said Answer was timely filed.
2. Thereafter, the Parties agreed to a time for their respective Rule 26 Disclosures, which were timely made.
3. Defendant National then propounded some additional discovery to which Plaintiff responded.
4. On June 21, 2022, prior to the time the Parties had any discussions relating to a potential mediation in this matter, the Parties submitted to the Court, and the Court approved, a Stipulation Re: Pretrial Discovery. This stipulation and order established the Initial Case Management Dates.
5. Thereafter, in mid-August 2022, rather than engage in any law and motion practice, the Parties, through counsel, began a discussion about the potential to participate in a private mediation to explore whether this matter could be resolved before the Parties incurred the cost and expense of further litigation.
6. After counsel agreed on a private mediator, the Parties and the mediator were not able to secure a mutually agreeable date for that private mediation until November 2, 2022.
7. Recognizing that November 2, 2022 was only 40 days from the designated close of discovery, counsel agreed if the mediation was not successful, and if the Parties could not complete discovery between the mediation and the then-stated close of discovery, the Parties would consider approaching the Court with a Stipulation to extend the date for the close of discovery, and possibly the other related dates.

///
///

8. The Parties did not seek an extension of the dates currently set before the mediation because they did not desire to involve the Court as there was hope no Court intervention would be necessary.

9. In hopes of limiting litigation fees and costs, the Parties agreed to voluntarily stay discovery until after mediation. Despite the Parties' best efforts, the Parties were unable to achieve resolution at mediation.

10. On December 5, 2022, after the unsuccessful mediation, the Parties submitted a stipulation to extend the Scheduling Dates, approved by the Court on December 6, 2022. The Order established the current Case Management Dates:

   a. CLOSE OF DISCOVERY June 9, 2023.
   b. DISCLOSURE OF EXPERTS August 8, 2023.
   c. DISCLOSURE OF SUPPLEMENTAL EXPERTS September 7, 2023.
   d. LAST DAY TO FILE DISPOSITIVE MOTIONS December 6, 2023.
   e. LAST DAY TO EXCHANGE SUPPLEMENTAL DISCOVERY is To Be Determined. Per Court Order, it must be no later than 30 days prior to the dispositive motion hearing date Motions.
   f. JOINT NOTICE OF TRIAL READINESS is To Be Determined. If no dispositive motions are filed, then October 6, 2023.

///
///
///
///
///

- 3 -

11. Thereafter, Defendant National took the depositions of Plaintiff's surgeon, physical therapist, and past employer. National desired to take the deposition of Plaintiff and her husband and Plaintiff desired to take a number of depositions for the persons disclosed by National in its Rule 26 Disclosure. Plaintiff desired to take those depositions "in person" at or near the deponent's residences – in Worcester, Massachusetts.

12. Unfortunately, counsel disagreed as to whether the depositions of National's people were to occur "remotely" or "in person." While counsel attempted to resolve this issue without the assistance of the Court, they could not. Acting with reasonable diligence, the Parties were not able to obtain a hearing with Magistrate Barnes on their formal cross motions to compel and for a protective order, until March 31, 2023. Magistrate Barnes issued her Order on those motions on April 3, 2023 (Docket No. 23).

13. Over the past week, counsel have been working together to try and schedule the depositions and have not yet finalized the dates for the depositions. However, it is likely to be at least towards the end of May 2023, and possibly later.

14. This is the Parties' second request for a continuance.

15. The Parties do not believe that any prejudice will result from the continuance of the current deadlines to the Parties or to the Court since no trial date has been set, and the Parties intend to continue their settlement efforts.

16. As a result of the earlier mediation, the holiday season of December and early January and the dispute regarding the taking of depositions "in person" outside of California, the Parties, by and through counsel, suggest that additional time is needed for the Parties to conduct discovery and properly prepare this matter for a future trial. The Parties submit that, under the circumstances of this case, and in the interest of justice so that all Parties have adequate and proper time to prepare

their case for trial, and to accommodate the schedules of counsel and witnesses, many of whom are outside of California, the above constitutes "good cause" for the Court to permit the Parties to seek vacation of the presently set discovery and disclosure dates and to allow all dates to be reset for dates which are 180 days in advance of their currently set dates.

**B.** **STIPULATION**

Based on the foregoing recitals, the Parties hereby stipulate and agree to establish new Case Management Dates as follows:

1. CLOSE OF DISCOVERY: December 8, 2023.
2. DISCLOSURE OF EXPERTS: February 8, 2024.
3. DISCLOSURE OF SUPPLEMENTAL EXPERTS: March 8, 2024.
4. LAST DAY TO FILE DISPOSITIVE MOTIONS: May 6, 2024.
5. LAST DAY TO EXCHANGE SUPPLEMENTAL DISCOVERY: To Be Determined. Per Court Order, it must be no later than 30 days prior to the dispositive motion hearing date.
6. JOINT NOTICE OF TRIAL READINESS: To Be Determined. If there will be no dispositive motions filed, it then May 6, 2024,

OR

If dispositive motions are filed, To Be Determined based on it not being more than 30 days after the Court's ruling on the last filed dispositive motion.

**C.** **SUMMARY**

| Event: | Current Date: | Proposed Date: |
|---|---|---|
| Close of Discovery | June 9, 2023 | December 8, 2023 |
| Disclosure of Experts | August 8, 2023 | February 8, 2024 |
| Disclosure of Supplemental Experts | September 7, 2023 | March 8, 2024 |
| Last Day to File Dispositive Motions | December 6, 2023 | May 6, 2024 |

| Event: | Current Date: | Proposed Date: |
|---|---|---|
| Last Day to Exchange Supplemental Discovery | To Be Determined | To Be Determined |
| Joint Notice of Trial Readiness | To Be Determined. If no dispositive motions are filed, then October 6, 2023 | To Be Determined. If no dispositive motions are filed, then May 6, 2024 |

**IT IS SO STIPULATED.**

DATED:  April 13, 2023         DANIEL S. GLASS, ESQ.

By: *s/ Daniel S. Glass (as authorized on April 13, 2023)*
DANIEL S. GLASS
Attorney for Plaintiff
Karen Reaves

DATED:  April 13, 2023         BURKE, WILLIAMS & SORENSEN, LLP

By: *s/ Daniel W. Maguire*
DANIEL W. MAGUIRE
KYLE ANNE PIASECKI
Attorneys for Defendant
National Life Insurance Company

# ORDER

UPON THE STIPULATION OF THE PARTIES AND GOOD CAUSE HAVING BEEN FOUND, IT IS ORDERED AS FOLLOWS:

1. The CLOSE OF DISCOVERY will be scheduled for December 8, 2023.

2. The DISCLOSURE OF EXPERTS will be scheduled for February 8, 2024.

3. The DISCLOSURE OF SUPPLEMENTAL EXPERTS will be scheduled for March 8, 2024.

4. The LAST DAY TO FILE DISPOSITIVE MOTIONS will be scheduled for May 6, 2024.

5. The LAST DAY TO EXCHANGE SUPPLEMENTAL DISCOVERY is To Be Determined. Per Court Order, it must be no later than 30 days prior to the dispositive motion hearing date.

6. The JOINT NOTICE OF TRIAL READINESS is To Be Determined. If there will be no dispositive motions filed, it will be May 6, 2024.

OR

If dispositive motions are filed, To Be Determined based on it not being more than 30 days after the Court's ruling on the last filed dispositive motion.

**IT IS SO ORDERED.**

DATED: April 13, 2023

Troy L. Nunley
United States District Judge